IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>        Petitioner,<br><br>   v.<br><br>OSRAM SYLVANIA, INC.,<br><br>        Respondent. | Case No. ___ |

**PHOTOGRAPHIC ILLUSTRATORS CORPORATION'S
VERIFIED PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Photographic Illustrators Corporation ("PIC") petitions under 9 U.S.C. § 9 for an order confirming an arbitration award in an arbitration governed by the Federal Arbitration Act (the "FAA") and administered by the American Arbitration Association (the "AAA") in Boston, Massachusetts, and for entry of judgment in conformance with the arbitration award. In support of its petition, PIC alleges as follows:

**INTRODUCTION AND SUMMARY**

1. PIC was the respondent, counter-claimant, and third-party claimant in the underlying arbitration. Respondent Osram Sylvania, Inc. ("OSI") was the claimant and counter-respondent in the underlying arbitration. Nonparties Brook Electrical Supply Company; Capital Lighting & Supply, LLC d/b/a Capitaltristate; Facility Solutions Group, Inc.; Frost Electric Supply Co. d/b/a Frostelectric.Com; Stuart C. Irby Company d/b/a Irby.Com; McNaughton-McKay Electric Co.; and Trade Service Co., LLC (collectively, the "Nonparty Participants") were third-party respondents in the underlying arbitration.

2. All the parties to the underlying arbitration agreed in writing to resolve the disputes in issue in a single arbitration administered by the AAA in Boston. The arbitrator conducted a twelve-day evidentiary hearing with an additional full day for closing argument (the "Arbitration"). On November 20, 2017, the arbitrator (the "Arbitrator") issued an 87-page award

containing his findings of fact and conclusions of law (the "Award"). A true and correct copy of the Award is attached as **Exhibit A** to this petition.

3. The Award was in full settlement of all claims and counterclaims submitted to Arbitration with the exception of the attorneys' fees and costs and AAA and arbitrator fees and costs, which issues are being addressed in separate arbitration proceedings. The Arbitrator dismissed all the claims asserted by OSI against PIC and ordered that OSI take nothing on its claims. The Arbitrator found that OSI breached its contract with PIC and awarded PIC $9,591,049.99 in damages on PIC's counterclaims. PIC hereby petitions for an order under the FAA to confirm the Award and for entry of a judgment in conformance with the Award's terms.

## PARTIES

4. Petitioner PIC is a Massachusetts corporation with its principal place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

5. Respondent OSI is a Delaware corporation with its principal place of business at 200 Ballardvale Street, Wilmington, Massachusetts 01887.

## JURISDICTION AND VENUE

6. The parties to the Arbitration asserted claims for violations of the federal RICO statute, *see* 18 U.S.C. § 1961, *et seq.*; copyright infringement, *see* 17 U.S.C. § 501, *et seq.*; violations of the provisions of the Digital Millennium Copyright Act (the "DMCA") respecting the integrity of Copyright Management Information ("CMI"), *see* 17 U.S.C. § 1201, *et seq.*; and violations of the Lanham Act, *see* 15 U.S.C. § 1125(a). This action thus arises under the laws of the United States, and the Court has jurisdiction under 28 U.S.C. § 1331.

7. The Court has personal jurisdiction over OSI because it systematically and continuously transacts substantial business in the United States and in the state of Massachusetts. Additionally, this proceeding arises out of an Arbitration conducted in Boston, Massachusetts, which OSI personally attended and participated in; and OSI has consented to the jurisdiction of this Court for the purpose of judicial proceedings to enforce the Award.

8.  Venue is proper in this Court under 9 U.S.C. § 9, because the parties' agreement to arbitrate does not specify a mandatory venue for judicial proceedings to enforce the Award, and the Award was made in Boston, Massachusetts, which is within this Court's jurisdiction.

## THE AGREEMENTS TO ARBITRATE AND THE UNDERLYING ARBITRATION

9.  On June 22, 2006, PIC and OSI signed a written agreement that, among other things, granted OSI a license to use certain photographs in which PIC holds the copyrights (the "2006 License Agreement"). The 2006 License Agreement is a contract evidencing a transaction involving commerce. A true and correct copy of the 2006 License Agreement is attached as **Exhibit B** to this petition.

10. Paragraph 38 of the 2006 License Agreement contains an arbitration agreement, which provides as follows:

> All disputes between the parties hereto relating to this Agreement shall be determined solely and exclusively by arbitration in accordance with the rules then in effect of the American Arbitration Association pertaining to commercial arbitrations, or any successors thereto ("AAA"). The forum for arbitration shall be Essex County, Massachusetts. The parties shall jointly select an arbitrator. In the event the parties fail to agree upon an arbitrator within ten (10) days, then each party shall select an arbitrator and such arbitrators shall then select a third arbitrator to serve as the sole arbitrator; provided, that if either party, in such event, fails to select an arbitrator within seven (7) days, such arbitrator shall be selected by the AAA upon application of either party. Judgment upon the award of the agreed upon arbitrator or the so chosen third arbitrator, as the case may be, shall be binding on the parties and shall be entered by any court of competent jurisdiction.

11. The arbitration agreement contained in the 2006 License Agreement is valid and enforceable, and has not been revoked.

12. In August and November 2015, PIC filed lawsuits in the United States District Court for the District of Massachusetts against each of the Nonparty Participants (the "Federal Lawsuits"). Each of the Federal Lawsuits alleged copyright infringement, *see* 17 U.S.C. § 501, *et seq.*, and violations of the DMCA provisions respecting the integrity of CMI, *see* 17 U.S.C. §

1201, *et seq*. The copyrighted photographs at issue in the Federal Lawsuits included certain of the photographs to which PIC had granted OSI a license under the 2006 License Agreement.

13. On January 26, 2016, OSI commenced the Arbitration by filing a demand for arbitration against PIC with the AAA. OSI alleged that (1) PIC had breached the implied covenant of good faith and fair dealing in the 2006 License Agreement; (2) OSI was entitled to a declaratory judgment with respect to certain rights under the 2006 License Agreement; (3) PIC had engaged in unfair trade practices under Mass. Gen. Laws., Ann. ch. 93A §§ 2 and 11; (4) PIC had tortiously interfered with OSI's business relationships; (5) PIC had been unjustly enriched; and (6) PIC had violated the federal RICO statute, *see* 18 U.S.C. § 1961, *et seq*. These claims related to the 2006 License Agreement and, therefore, were subject to the arbitration agreement set forth in that agreement.

14. On April 26, 2016, PIC filed an answering statement and counterclaims against OSI in the Arbitration. With respect to its counterclaims, PIC alleged (1) breach of the 2006 License Agreement; (2) copyright infringement, *see* 17 U.S.C. § 501; (3) violations of the DMCA provisions respecting the integrity of CMI, *see* 17 U.S.C. § 1202; (4) false designation of origin under the Lanham Act, *see* 15 U.S.C. § 1125(a); (5) that OSI had engaged in unfair trade practices under Mass. Gen. Laws., Ann. ch. 93A; and (6) that PIC was entitled to a declaratory judgment with respect to OSI's sublicensing rights under the 2006 License Agreement. These counterclaims related to the 2006 License Agreement and, therefore, were subject to the arbitration agreement set forth in that agreement.

15. In accordance with the terms of the 2006 License Agreement, PIC and OSI jointly selected Bernard Bonn to serve as the Arbitrator. Mr. Bonn was formally appointed as the Arbitrator and took the arbitrator's oath required by the AAA as of May 25, 2016.

16. In October 2016, PIC and the Nonparty Participants agreed to arbitrate the claims asserted in the Federal Lawsuits as part of the Arbitration. Accordingly, on October 17, 2017, PIC, OSI, and the Nonparty Participants filed an Amended Joint Schedule in the Arbitration

setting a deadline of October 21, 2016, for PIC to assert amended counterclaims against OSI and third-party claims against the Nonparty Participants in the Arbitration. The Amended Joint Schedule noted that the claims pending in the Federal Lawsuits would "be consolidated into this arbitration." A true and correct copy of the Amended Joint Schedule is attached as **Exhibit C** to this petition.

17. On October 21, 2016, PIC filed its first amended answering statement and counterclaims against OSI in the Arbitration. These counterclaims related to the 2006 License Agreement and therefore were subject to the arbitration agreement set forth in that agreement.

18. Also on October 21, 2016, PIC filed its third-party claims against the Nonparty Participants in the Arbitration, pursuant to the Amended Joint Schedule.

19. On October 31, 2016, the parties filed a Notice of Voluntary Dismissal of Parties in the Federal Lawsuits. The Notice of Voluntary Dismissal of Parties recites PIC and the Nonparty Participants' agreement to arbitrate and is signed by counsel for PIC and the Nonparty Participants. A true and correct copy of the Notice of Voluntary Dismissal of Parties is attached as **Exhibit D** to this petition.

20. In May 2017, the parties agreed in writing to forgo presentation of evidence of attorneys' fees (other than as compensatory damages for OSI's claims against PIC) at the arbitration hearing and to instead defer consideration of any award of attorneys' fees to a prevailing party for separate proceedings after an award was rendered on the merits. A true and correct copy of the email correspondence reflecting this agreement is attached as **Exhibit E** to this petition.

21. An evidentiary hearing was held in the Arbitration from June 12 through June 24, 2017, in Boston. At the opening of the hearing, all parties formally waived on the record the mandatory Essex County forum set forth in the 2006 License Agreement and consented to hearing of the claims and defenses in Boston. Closing arguments were held in the Arbitration on September 8, 2017.

22. The AAA declared the hearing closed as of October 3, 2017.

23. By agreement confirmed in writing among the Arbitrator and all the parties, the deadline for the Arbitrator to make an award was extended to November 20, 2017, as reflected in the correspondence attached as **Exhibit F** to this petition.

## THE AWARD

24. On November 20, 2017, the Arbitrator rendered a Partial Final Award, which "is in full settlement of all claims and counterclaims submitted to this Arbitration with the exception of the attorneys' fees and costs and AAA and arbitrator fees and costs as noted above." *See* Ex. A at 87.

25. The Arbitrator ruled against OSI and in favor of PIC on all of OSI's claims against PIC. *Id*. at 86-87.

26. The Arbitrator ruled in favor of PIC and against OSI on PIC's counterclaims for breach of contract and awarded $9,591,049.99 in monetary damages to PIC. *Id*. at 87

27. Additionally, the Arbitrator ruled that PIC, as the prevailing party on claims for breach of the 2006 License Agreement (both OSI's claims and PIC's counterclaims), was entitled under the License Agreement to a mandatory award of attorneys' fees and costs. *Id*. at 84-86. The Arbitrator observed that because OSI was the prevailing party on PIC's copyright claims, OSI could seek an award of attorneys' fees under the Copyright Act in the separate proceedings. The Arbitrator set a briefing schedule for separate proceedings on attorneys' fees and costs and, as extended by agreement, the fee applications are due on December 13, with responses due on December 22.

## CONCLUSION AND PRAYER

PIC respectfully requests that the Court enter an order confirming the Award and enter a final judgment in conformance with the terms of the Award as set forth above and any such further relief deemed appropriate.

Dated: December 8, 2017          Respectfully submitted,

By:   /s/ Eric P. Carnevale
      Craig R. Smith (BBO No. 636,723)
      Eric P. Carnevale (BBO No. 677,210)
      **LANDO & ANASTASI, LLP**
      Riverfront Office Park
      One Main Street – 11th Floor
      Cambridge, MA 02142
      Tel: (617) 395-7000
      Fax: (617) 395-7070
      Email: csmith@lalaw.com
            ecarnevale@lalaw.com

      Gary Cruciani (*pro hac vice* pending)
      **MCKOOL SMITH, P.C.**
      300 Crescent Court, Suite 1500
      Dallas, Texas 75201
      Tel: (214) 978-4000
      Fax: (214) 978-4044
      Email: gcruciani@mckoolsmith.com

      Robert E. Allen (*pro hac vice* pending)
      **MCKOOL SMITH, P.C.**
      300 South Grand Ave., Suite 2900
      Los Angeles, California 90071
      Tel: (213) 694-1200
      Fax: (213) 694-1234
      Email: rallen@mckoolsmith.com

      Charles E. Fowler, Jr. (*pro hac vice* pending)
      **MCKOOL SMITH, P.C.**
      300 West 6th St., Suite 1700
      Austin, Texas 78701
      Tel: (512) 692-8700
      Fax: (512) 692-8744
      Email: cfowler@mckoolsmith.com

      *Attorneys for Plaintiff*
      *Photographic Illustrators Corporation*

## VERIFICATION

I, Matt Fleeger, President of Photographic Illustrators Corporation ("PIC"), hereby state and verify that all factual allegations set forth herein are true and accurate based upon my personal knowledge and involvement in the activities described. Where I have not been personally involved, I am relying on information provided to me by individuals with personal knowledge who reported to me in the ordinary course of PIC's business.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on December 8, 2017            */s/ Matt Fleeger*
                                        Matt Fleeger