# EXHIBIT E

| | |
|---|---|
| **From:** | Gary Cruciani |
| **To:** | Petersen, Joe; "Bernard Bonn" (bbonn3@gmail.com) |
| **Cc:** | AAA Lisa Romeo; Robert E. Allen; OSI-PIC; Charles E. Fowler, Jr.; Jodie L. Mow; Joni Sickels |
| **Subject:** | RE: CALLS CONFIRMED - AAA No. 01-16-0000-2652; Photographic Illustrators Corp. v. Osram Sylvania, Inc., et al. |
| **Date:** | Thursday, May 18, 2017 10:08:55 PM |
| **Attachments:** | image001.png |

Mr. Bonn,

This is to confirm that Mr. Petersen has accurately stated our agreement regarding the attorneys' fee issue and the production of his firm's redacted fee statements.

However, our agreement regarding PIC's request to depose an OSI custodian is not accurate, at least in material part. He is correct that we have agreed between now and the time expert rebuttal reports are due on May 30 to provide written questions and receive prompt written answers from OSI regarding document preservation and collection issues. However, to the extent PIC believes a custodian deposition is still needed on the remaining issues, my understanding is that Mr. Petersen committed to making a witness available and his statement that "we likewise reserve the right to oppose any such request on the basis that a custodian deposition remains unwarranted" was not part of our discussion. In fact, we specifically discussed deposition dates during the first week of June in the event PIC determines a deposition is needed. I would request that Mr. Petersen clarify his position. If he still is reserving the right to oppose a custodian deposition, then we do not have an agreement and I would like to keep this matter on calendar as scheduled for tomorrow. It would be me hope, however, that Mr. Petersen would commit to the agreement we reached in our phone call and thereby dispense with the need for a hearing tomorrow.

Regards,

Gary Cruciani

---

**From:** Petersen, Joe [mailto:JPetersen@kilpatricktownsend.com]
**Sent:** Thursday, May 18, 2017 9:13 PM
**To:** 'Bernard Bonn' (bbonn3@gmail.com)
**Cc:** Gary Cruciani; AAA Lisa Romeo; Robert E. Allen; OSI-PIC; Charles E. Fowler, Jr.; Jodie L. Mow; Joni Sickels
**Subject:** RE: CALLS CONFIRMED - AAA No. 01-16-0000-2652; Photographic Illustrators Corp. v. Osram Sylvania, Inc., et al.

Dear Mr. Bonn, I write directly to confirm that the parties have reached an agreement on the discovery issues which were slated to be discussed tomorrow at noon eastern. Specifically, we were scheduled to discuss PIC's request for an order compelling production of Kilpatrick Townsend invoices supporting Respondents' expert's calculation of attorneys' fees incurred to date. We were also planning on discussing PIC's request for an OSI custodian deposition.

As for the invoice issue, we have agreed to produce such invoices (redacted for privilege) without a reciprocal production from PIC on the understanding that PIC will not present witness testimony (fact or expert) at the hearing on the subject of PIC's attorneys' fees. We have agreed to produce such invoices in sufficient time for PIC's counsel to review this supplemental production in advance of its deposition of our expert witness.

As for the custodian deposition issue, we have agreed to continue to answer questions that PIC may reasonably put to us concerning OSI's document preservation and collection efforts recognizing that PIC reserves the right to pursue a deposition sufficiently in advance of the hearing if PIC determines that it requires further information (we likewise reserve the right to oppose any such request on the basis that a custodian deposition remains unwarranted).

I assume that Mr. Cruciani will respond to the extent he believes the above mischaracterizes our agreement in any respect.

In view of the above we believe that tomorrow's noon call can be marked off calendar but please let us know if there are any remaining issues that you would still like the parties to address tomorrow.

Sincerely, Joe Petersen

**Joseph Petersen**
**Kilpatrick Townsend & Stockton LLP**
**Menlo Park**
1080 Marsh Road | Menlo Park, CA 94025
office 650 614 6427 | cell 917 859 9680 | fax 650 644 0570
**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703

office 212 775 8715 | cell 917 859 9680 | fax 212 775 8815
jpetersen@kilpatricktownsend.com | My Profile | VCard

* Admitted in California and New York

---

**From:** Gary Cruciani [mailto:gcruciani@McKoolSmith.com]
**Sent:** Wednesday, May 17, 2017 4:57 PM
**To:** AAA Lisa Romeo; Petersen, Joe; Robert E. Allen; OSI-PIC; Charles E. Fowler, Jr.; Jodie L. Mow; Joni Sickels
**Subject:** RE: CALLS CONFIRMED - AAA No. 01-16-0000-2652; Photographic Illustrators Corp. v. Osram Sylvania, Inc., et al.

Lisa,

   Thank you.  To confirm, tomorrow's call will relate to OSI's request to move the rebuttal report deadline from May 22 until May 29 and Friday's call will relate to PIC's motion to compel OSI's counsel's fee statements.

   In addition, I have been engaged in extensive discussions with OSI since April 14 in trying to arrange a deposition of their custodian of records.  At this point, we are at an impasse, and I would ask that this matter be heard during Friday's call as well.  I have attached hereto an email string relating to this custodian issue so that Mr. Bonn may have context.  While the email communications on this topic date back to April 14, I have only attached the more recent communications as I believe they adequately frame the issues as they currently stand.

   Please confirm that this matter regarding our request to depose an OSI custodian will be heard during Friday's call.

   Regards,

   Gary

---

**From:** AAA Lisa Romeo [mailto:LisaRomeo@adr.org]
**Sent:** Wednesday, May 17, 2017 5:40 PM
**To:** Gary Cruciani; 'Petersen, Joe'; Robert E. Allen; OSI-PIC
**Cc:** AAA Lisa Romeo
**Subject:** CALLS CONFIRMED - AAA No. 01-16-0000-2652; Photographic Illustrators Corp. v. Osram Sylvania, Inc., et al.

Counsel,

This will confirm the following calls:

   Thursday- May 18th at 10AM Eastern / 9:00AM Central / 8:00AM Mountain / 7:00AM Pacific

   Friday – May 19th at 12N Eastern / 11:00AM Central / 10:00AM Mountain / 9:00AM Pacific

Please use:  888-537-7715 // 1860 1614#

I will be on Amtrak between Boston and NYC during both calls and I have a conflicting call on Thursday – so don't wait for me.  If there are any issues send me an email and I will "spring into action".

Thank you,

Lisa


Logo

**AAA Lisa Romeo**
**Director of ADR Services**

American Arbitration Association

T: 617 695 6037  F: 617 451 0763  E: LisaRomeo@adr.org
200 State Street, 7th FL, Boston, MA 02109
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

---

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

| | |
|---|---|
| **From:** | Petersen, Joe |
| **To:** | Gary Cruciani |
| **Cc:** | Robert E. Allen; Vayner, Sabina; 0912556 - ARBITRATION WITH PIC; Charles E. Fowler, Jr.; Jodie L. Mow; Gonder, Jason; Jones, Jordan; Kilb, Sam |
| **Subject:** | RE: Tomorrow"s call with Mr. Bonn |
| **Date:** | Thursday, May 18, 2017 7:11:37 PM |

Gary, based on your representation that there will be no witness testimony (fact or expert) at the hearing concerning PIC's attorney fees I will drop my demand for production at this stage of PIC's attorneys' fees invoices.  Please confirm you will produce such invoices in the event of any fee application by PIC in this proceeding (i.e., the agreement set forth above is contingent on your waiving any right to contest any demand for production of PIC's invoices at a later date).

In terms of the timing of the production of redacted copies of the invoices, I cannot commit to that without evaluating the amount of work that project would entail. That said, I agree that it would be necessary to produce such information in advance of your deposition of David Drews and at this stage I will commit to producing it at least one day prior and will do so earlier if time permits. If you give me until tomorrow I can get back to you with a more definitive timetable for the production.

On the custodian deposition, you are correct we are not categorically refusing to provide such a witness.  As I told you repeatedly, we believe your pursuit of such a deposition is a waste of time as we have provided you with custodian related metadata and have offered to answer questions that you may reasonably have concerning the production. That offer is frankly far superior to your lobbing questions at a witness who likely will be unable to recall the specifics of such a voluminous document collection and preservation effort which effort has spanned a number of years and numerous custodians.

Finally, in view of our agreement above ordinarily I would press for a reciprocal deposition of a document custodian from PIC.  However, during the two depositions of Paul Picone it became clear that PIC never instituted a legal hold and performed at best very limited manual searches of only a part of its computer equipment (in fact PIC has only produced an extremely small number of seemingly random e-mails and has yet to produce the results of electronic data searches across PIC's data and has maintained that whatever e-mails it had on the Mac laptop disappeared with the disappearance of that laptop).  Those are the facts regarding your client's document collection and preservation efforts and it appears to be that further pursuit of a witness to address these issues would be a waste of time.  However, if you believe that my summary above is incorrect and there exists a witness from PIC's side who can shed further light on PIC's document preservation and collection efforts, I ask that you identify that person *immediately* to afford us the same opportunity to obtain testimony from a custodial witness.

- Joe

**Joseph Petersen**
**Kilpatrick Townsend & Stockton LLP**
**Menlo Park**
1080 Marsh Road | Menlo Park, CA 94025
office 650 614 6427 | cell 917 859 9680 | fax 650 644 0570
**New York**

The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8715 | cell 917 859 9680 | fax 212 775 8815
jpetersen@kilpatricktownsend.com | My Profile | VCard

* Admitted in California and New York

---

**From:** Gary Cruciani [mailto:gcruciani@McKoolSmith.com]
**Sent:** Thursday, May 18, 2017 3:34 PM
**To:** Petersen, Joe
**Cc:** Robert E. Allen; Vayner, Sabina; 0912556 - ARBITRATION WITH PIC; Charles E. Fowler, Jr.; Jodie L. Mow
**Subject:** RE: Tomorrow's call with Mr. Bonn

Joe,

      This is to confirm the point on which I have been very clear.  McKool Smith does not intend to present any testimony at the hearing on PIC's attorneys' fees; rather, to the extent applicable based on the arbitrator's rulings, we will present testimony post-hearing in the "prevailing party" context.

      Your proposal with respect to redacted copies of Kilpatrick's monthly fee statements is acceptable, subject to the following.  First, you refer to "invoices," by which I assume you mean your monthly fee statements reflecting your daily time entries.  Second, we would want to have these redacted fee statements five days prior to the currently scheduled date for Drews' deposition to give us time to review as well as address any issues with Mr. Bonn if we disagree with the scope of your redactions.  Third, I note that the fees and expenses included in the Drews' report only go through the end of January 2017.  To the extent that Drews intends to testify to post-January 2017 time periods, we would expect to receive the monthly fee statements for that time period as well.  On a related note, we will also want to see your expenses, which are also part of your claim and included in Drews' report.  For expenses, a summary for each category, for example, deposition expenses, copy expenses, etc is acceptable and I don't need at this point to see each supporting invoice.

      Assuming you agree to the above, then I believe that takes care of the fee statement issue.  However, I have also asked Mr. Bonn to hear tomorrow our request for a custodian of deposition.  If you are agreeable to voluntarily producing a custodian, which you alluded to in a recent email, then I believe we can cancel tomorrow's hearing.  However, to the extent you are continuing to refuse to produce a custodian for deposition, then we intend to take that up tomorrow.

      Please let me know your position regarding the fee statements and custodian deposition so that I can let Mr. Bonn know the scope, or necessity, of tomorrow's hearing.

      Regards,

      Gary

---

**From:** Petersen, Joe [mailto:JPetersen@kilpatricktownsend.com]

**Sent:** Thursday, May 18, 2017 12:37 PM
**To:** Gary Cruciani
**Cc:** Robert E. Allen; Vayner, Sabina; 0912556 - ARBITRATION WITH PIC
**Subject:** Tomorrow's call with Mr. Bonn

Gary, my understanding is that the only issue on the table for tomorrow morning's call with Mr. Bonn is your request for copies of Kilpatrick's invoices. Is that your understanding as well?

As to the invoice issue we can probably simplify that if not remove it as an issue altogether. Are you saying that you will not present any witness testimony at the hearing on PIC's attorney fees? If you are not going to present any testimony of any kind on that issue (fact or expert) then I can live for now without seeing McKool's invoices and will send you copies of ours in advance of your deposition of Mr. Drews (redacted to preserve privilege).

Let me know.

Thanks, Joe

**Joseph Petersen**
**Kilpatrick Townsend & Stockton LLP**
**Menlo Park**
1080 Marsh Road | Menlo Park, CA 94025
office 650 614 6427 | cell 917 859 9680 | fax 650 644 0570
**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8715 | cell 917 859 9680 | fax 212 775 8815
jpetersen@kilpatricktownsend.com | My Profile

* Admitted in California and New York

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distr bution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.