**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

          Petitioner,

   v.

OSRAM SYLVANIA, INC.,

          Respondent.

Case No. 1:17-cv-12425-PBS

**PHOTOGRAPHIC ILLUSTRATORS CORPORATION'S MOTION FOR LEAVE
TO AMEND VERIFIED PETITION TO CONFIRM ARBITRATION AWARD**

**I.      INTRODUCTION**

This is an action to enforce an arbitration award under the Federal Arbitration Act (the "FAA"). *See* 9 U.S.C. § 1, *et seq*. Petitioner Photographic Illustrators Corporation ("PIC") commenced this action against respondent Osram Sylvania, Inc. ("OSI") on December 8, 2017. *See* Dkt. No. 1. At that time, the arbitrator had fully resolved the merits of the underlying arbitration, having found that OSI breached its contract with PIC and awarded PIC almost $10 million in damages (the "Partial Final Award"). The arbitrator had also set a schedule for the parties to submit applications for attorneys' fees and costs.

OSI answered PIC's petition on December 29, 2017. OSI admitted all the material allegations entitling PIC to confirmation. *See generally* Dkt. No. 10. Indeed, OSI has represented that it will stipulate to confirmation of the damages award. *See* Dkt. No. 17 at 1, 3.

Yet, OSI's answer raised two principal complaints about PIC's petition to confirm. First, OSI alleged that PIC had not named as parties to this action a group of third-party respondents in the underlying arbitration. OSI claimed that including the third-party respondents in this action is necessary both to "accord complete relief among the existing parties" and to "protect [the third-

party respondents'] interests insofar as the Partial Award includes the arbitrator's findings and rulings with regard to PIC's claims against [them]." *See id*. at 2-3.

Second, OSI alleged that the petition was premature because the arbitrator had not yet decided the parties' applications for attorneys' fees and costs. According to OSI, the applications for fees and costs fell "squarely within the scope of the Arbitration proceeding and [were] not subject to any 'separate proceedings.'" *See* Dkt. No. 10 at 10. Thus, said OSI, "[d]eferring resolution of the Petition until there is a complete, final award would conserve judicial resources and would be the most efficient means of confirming the Awards issued in the Arbitration." *See id*. at 2.

PIC's proposed amendment would address both issues raised in OSI's answer. First, it would add the third-party respondents in the arbitration as parties to this action so that all parties to the arbitration are before the Court. OSI does not oppose this amendment. Second, it would add a request to confirm the arbitrator's recent decision on the parties' applications for attorneys' fees and costs. On January 18, 2018, the arbitrator ordered OSI to pay PIC more than $5 million in attorneys' fees and costs and denied in its entirety the application of OSI and the third-party respondents for fees and costs, in which they had sought about $5 million (the "Final Award"). That decision undisputedly resolved the only outstanding issues in the arbitration and brought the arbitration to an end. But despite OSI's past insistence that the award of fees and costs must be considered alongside the merits award, OSI inexplicably "will not consent to amendment of [PIC's] current petition to cover that award." *See* Fowler Dec., Ex. 1.

PIC is entitled to leave to amend its petition. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, justice requires amendment for essentially the reasons outlined in OSI's answer: The fairest and most efficient way to enforce the results of the

arbitration is to consider the merits and fee awards together. Moreover, as PIC is clearly entitled to confirmation of the fee award and has promptly sought confirmation, before any material activity in this case, all the factors warranting denial of leave are absent.

## II.     BACKGROUND

The underlying arbitration related to a long-term business relationship between PIC and OSI, by which PIC provided professional photography services to OSI for use by OSI and its customers in promoting OSI's products. On June 22, 2006, PIC and OSI signed a written agreement that, among other things, granted OSI a license to use PIC's copyrighted photographs and to permit others to use the photographs, subject to certain restrictions (the "2006 License Agreement"). A key restriction on the license was that OSI could not use or permit others to use PIC's copyrighted photographs without crediting PIC as the copyright owner. The 2006 License Agreement contains an agreement to arbitrate "[a]ll disputes between the parties hereto relating to this Agreement." Dkt. No. 1-2 ¶ 38.

Several years after the PIC and OSI signed the 2006 License Agreement, PIC started learning of widespread use of its copyrighted images by OSI customers without any copyright notice or attribution crediting PIC as the copyright owner. Thus, in late 2012, PIC started taking actions to enforce its copyrights against these OSI customers, including by filing copyright-infringement lawsuits. Included among the lawsuits were lawsuits filed in this Court in August and November 2015 against Brook Electrical Supply Company; Capital Lighting & Supply, LLC d/b/a Capitaltristate; Facility Solutions Group, Inc.; Frost Electric Supply Co. d/b/a Frostelectric.Com; Stuart C. Irby Company d/b/a Irby.Com; McNaughton-McKay Electric Co.; and Trade Service Co., LLC (collectively, the "Customer Respondents").

On January 26, 2016, OSI commenced the underlying arbitration (the "Arbitration") by filing a demand against PIC with the American Arbitration Association. OSI predicated its

claims exclusively on the actions taken by PIC to enforce its copyrights against OSI customers. OSI alleged that PIC's actions violated not only OSI's rights under the 2006 License Agreement, but also various other statutory and common-law rights. On April 26, 2016, PIC filed an answering statement and counterclaims, which accused OSI of violating the 2006 License Agreement and infringing PIC's copyrights, among other things.

In October 2016, PIC and the Customer Respondents agreed to arbitrate the claims that PIC had asserted against the Customer Respondents in this Court. The parties thus filed a Notice of Voluntary Dismissal of Parties in this Court, signed by counsel for all parties, which provides that "[t]he parties hereto agree that the claims PIC has asserted in these consolidated proceedings will instead be pursued solely in the Arbitration." *See* Dkt. No. 126 at 1-2, *Photographic Illustrators Corp. v. Stuart C. Irby Co.*, No. 1:15-cv-13154-WGY (D. Mass. Oct. 31, 2016). PIC refiled its claims against the Customer Respondents as third-party claims in the Arbitration on October 21, 2016.

After receiving 12 hearing days' worth of evidence, a full day's worth of closing arguments, and voluminous briefing and proposed findings and conclusions, the arbitrator rendered the Partial Final Award on November 20, 2017. *See* Dkt. No. 1-1.The Partial Final Award was "in full settlement of all claims and counterclaims submitted to this Arbitration with the exception of the attorneys' fees and costs and AAA and arbitrator fees and costs." *Id.* at 87. It thus resolved the merits of the parties' claims, counterclaims, and third-party claims. The arbitrator found for PIC and against OSI on all of OSI's claims. He also found for PIC and against OSI on PIC's counterclaims for breach of the 2006 License Agreement and awarded PIC $9,591,049.99 in damages. He found for OSI and against PIC, however, on PIC's other

counterclaims against OSI and further found for the Customer Respondents and against PIC on PIC's third-party claims.

On December 8, 2017, PIC sought to enforce the Partial Final Award by filing its Verified Petition to Confirm Arbitration Award. *See generally* Dkt. No. 1. OSI does not contest that PIC is entitled to confirmation of the Partial Final Award (the "Petition"). Yet, in its December 29 answer to PIC's petition, OSI alleged that the petition was premature because the arbitrator had not yet decided the parties' then-pending applications for attorneys' fees and costs. *See* Dkt. No. 10 at 1-2. OSI further alleged that the Customer Respondents were necessary, or at least permissive, parties to this action and that the action should not proceed without their being named as parties. *See id.* at 2-3.

On January 18, 2018—about six weeks after PIC filed the Petition and about three weeks after OSI answered—the arbitrator rendered the Final Award, which resolved the parties' applications for attorneys' fees and costs, and allocated AAA and arbitrator fees and costs. *See* Ex. B to PIC's Proposed 1st Am. Verified Pet'n to Confirm Arbitration Award. The Final Award referenced the Partial Final Award that had been previously entered on the merits and stated that the Final Award was "in full settlement of all claims and counterclaims submitted to this Arbitration." *Id.* at 13. It thus resolved the only issues that the Partial Final Award had left outstanding. The arbitrator ruled for PIC and against OSI on PIC's application for attorneys' fees and costs. He awarded PIC $3,960,655.63 in attorneys' fees and $1,473,653.50 in costs. The arbitrator denied OSI and the Customer Respondents' application for nearly $5 million in fees and costs and awarded them nothing.

## III.    DISCUSSION

PIC is entitled to leave to amend its complaint. "Under Rule 15(a), a party may amend a 'pleading' without leave of court in certain relatively narrow circumstances." *The Hilsinger Co.*

*v. Kleen Concepts, LLC*, 164 F. Supp. 3d 195, 198 (D. Mass. 2016). When, as here, those circumstances are not presents, and so leave is required, "'[t]he court should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). "In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and 'exercise its informed discretion in constructing a balance of pertinent considerations.'" *Id.* (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006)). "[A]mendments may be denied on the basis of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, and futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (brackets omitted).

PIC is seeking to amend at the earliest practicable time, while this case is in its infancy, and to achieve the very things OSI urged in its answer: conservation of judicial resources and promotion of efficiency by permitting the Court to consider the Partial Final Award (addressing the merits) and the Final Award (addressing attorneys' fees and costs) together. *See* Dkt. No. 10 at 2. PIC could not have sought confirmation of the two Awards together when it filed the Petition in December 2017, because the Final Award deciding attorneys' fees and costs had not yet been rendered. When the Final Award was rendered, however, PIC acted promptly in seeking to add it to this action. PIC is filing this motion about two-and-a-half weeks after the arbitrator rendered the Final Award on January 18, 2017, and a mere eight weeks after PIC commenced this action.[1]

---

[1] The timing of the Final Award relative to OSI's answer meant that PIC had only a two-day window—including the day the Final Award was rendered—during which it could have amended as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). That would not have been practically feasible given the necessity of analyzing the Final Award and preparing the appropriate papers. PIC is filing its proposed amended petition and this motion at the earliest practicable time following receipt of the Final Award.

Meanwhile, there has been virtually no activity in the case to date. Moreover, given that this is a simple matter involving a request to enforce an arbitration award, it should be subject to straightforward, summary disposition. Although PIC has filed its Petition and OSI has answered, no party has filed any motion seeking substantive relief (the only motions on the docket being *pro hac vice* motions and joint motions addressed to minor scheduling issues, *see* Dkt. Nos. 3, 7, 12, 13, 15, 19). The Court has issued no substantive rulings. There has been no discovery nor would there be any discovery in an action that seeks nothing more than to enforce the arbitration award. The initial scheduling conference has not even taken place yet; that conference is set for February 7, 2018. *See* Dkt. No. 11. Therefore, permitting PIC to amend to seek confirmation of the Final Award would create no scheduling complications or other practical problems, or otherwise delay the resolution of the case.

The reasons justifying denial of leave—delay, bad faith or dilatory motive, repeated failures to cure deficiencies, undue prejudice, and futility—are plainly absent here. The time line set forth above confirms that there has been no delay in PIC's request to amend, much less *undue* delay. Nor could OSI point to any conceivable bad faith or dilatory motive; PIC's motive is to exercise its statutory right under the FAA to confirmation of the Awards, and to accomplish that in one proceeding rather than piecemeal. In other words, PIC's motive for seeking to amend the Petition is the same as OSI's motive in alleging in its answer that interests of judicial economy and efficiency required that the two Awards be considered together. Nor has PIC repeatedly failed to cure deficiencies by previous amendments; this is PIC's first attempt to amend, and the amendment is directed not to a purported deficiency, but to adding new subject matter not currently included in the Petition, as the Final Award had not been rendered at the time the Petition was filed. Nor could OSI claim any prejudice, as it has not yet taken any material action

in the case, and amendment at this point would not affect the (as-yet established) case schedule. *See Hilsinger*, 164 F. Supp. 3d at 201.[2]

Finally, OSI could advance no colorable argument that the amendment is futile. An amendment is futile only if the amended pleading would fail to state a claim for relief under the standard applicable to a Rule 12(b)(6) motion. *Hilsinger*, 164 F. Supp. 3d at 199 (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Far from facing risk of dismissal, however, PIC is seemingly assured of confirmation of the Final Award *based on OSI's own judicial admissions*. OSI has admitted that PIC is entitled to confirmation of the Partial Final Award and has expressed its intent to stipulate to confirmation. *See* Dkt. No. 17 at 1, 3. OSI has also admitted that the contract claims that form the basis of the award of attorneys' fees and costs to PIC "were properly before the arbitrator." *See* Dkt. No. 10 at 6. And OSI has alleged that attorneys' fees and costs were "squarely within the scope of the Arbitration proceeding and [were] not subject to any 'separate proceedings.'" *See id.* at 10. In light of OSI's admissions—and federal courts' "extremely narrow and exceedingly deferential" review of arbitration awards, *see UMass Mem'l Med. Ctr., Inc. v. United Food And Commercial Workers Union*, 527 F.3d 1, 5 (1st Cir. 2008) (internal quotation marks omitted)—it is inconceivable that OSI could identify any ground for vacating the Final Award that would not apply equally to the (concededly enforceable) Partial Final Award. At most, OSI could express disagreement with the arbitrator's decision on attorneys' fees and costs. But disagreement with the decision stands as no barrier to its confirmation. *See Keebler Co. v. Truck Drivers, Local 170*, 247 F.3d 8, 10 (1st Cir. 2001)

---

[2] As OSI opposes amendment, presumably it now would prefer that PIC file a separate petition to confirm the Final Award, thus resulting in two separate cases. PIC could, of course, do that at any time and would not need leave of Court. *See* 9 U.S.C. § 9 (providing that "at any time within one year after the award is made any party to the arbitration may apply … for an order confirming the award"). PIC then would likely move to consolidate the cases under Fed. R. Civ. P. 42(a). And if the cases were consolidated, the result would be effectively the same as if PIC had simply amended its Petition in this case—but would have been achieved less efficiently.

(observing that even a court's strong disagreement with an arbitrator's decision is not enough to warrant vacatur).

## IV.     CONCLUSION

PIC respectfully requests that the Court grant it leave to amend its Verified Petition to Confirm Arbitration Award, and enter on the Court's docket the proposed First Amended Verified Petition to Confirm Arbitration Award filed with this motion.

Dated: February 5, 2018           Respectfully submitted,

By:   */s/ Gary Cruciani*
          Craig R. Smith (BBO No. 636,723)
          Eric P. Carnevale (BBO No. 677,210)
          **LANDO & ANASTASI, LLP**
          Riverfront Office Park
          One Main Street – 11th Floor
          Cambridge, MA 02142
          Tel:  (617) 395-7000
          Fax:  (617) 395-7070
          Email:  csmith@lalaw.com
                  ecarnevale@lalaw.com

          Gary Cruciani (admitted *pro hac vice*)
          **MCKOOL SMITH, P.C.**
          300 Crescent Court, Suite 1500
          Dallas, Texas 75201
          Tel:  (214) 978-4000
          Fax:  (214) 978-4044
          Email:  gcruciani@mckoolsmith.com

          Robert E. Allen (admitted *pro hac vice*)
          **MCKOOL SMITH, P.C.**
          300 South Grand Ave., Suite 2900
          Los Angeles, California 90071
          Tel:  (213) 694-1200
          Fax:  (213) 694-1234
          Email:  rallen@mckoolsmith.com

          Charles E. Fowler, Jr. (admitted *pro hac vice*)
          **MCKOOL SMITH, P.C.**
          300 West 6th St., Suite 1700
          Austin, Texas 78701
          Tel:  (512) 692-8700
          Fax:  (512) 692-8744
          Email:  cfowler@mckoolsmith.com

          ***Attorneys for Plaintiff***
          ***Photographic Illustrators Corporation***

**CERTIFICATE OF CONFERENCE**

This is to certify that I have conferred with counsel for OSI and have attempted in good faith to resolve or narrow the issues raised by this motion. Although OSI does not oppose the relief sought by this motion insofar as PIC requests amendment to add the Customer Respondents as parties to this action, OSI opposes PIC's request to amend its Petition to seek confirmation of the Final Award in the underlying arbitration, rendered on January 18, 2018.


By:    */s/ Charles E. Fowler, Jr.*
              Charles E. Fowler, Jr.

## CERTIFICATE OF SERVICE

This is to certify that, on February 5, 2018, a true and correct copy of this Motion for Leave to Amend Verified Petition to Confirm Arbitration Award is being filed through the Court's CM/ECF system, which will automatically send electronic copies of this document to all registered participants, as identified on the Notice of Electronic Filing.


By:    */s/ Charles E. Fowler, Jr.*
           Charles E. Fowler, Jr.