# EXHIBIT D

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| OSRAM SYLVANIA, INC., <br><br>             Claimant and<br>             Counter-Respondent,<br><br>    v.<br><br>PHOTOGRAPHIC ILLUSTRATORS<br>CORPORATION,<br><br>             Respondent and<br>             Counter-Claimant. | Case No. 01-16-0000-2652 |

**AMENDED JOINT SCHEDULE**

Claimant and Counter-Respondent OSRAM SYLVANIA, Inc. ("OSI"), Respondent and Counter-Claimant Photographic Illustrators Corporation ("PIC"), and soon-to-be added parties Stuart C. Irby Company d/b/a Irby.com, Facilities Solutions Group, Inc., Trade Service Co., LLC, McNaughton-McKay Electric Co., Brook Electrical Supply Company, Frost Electric Supply Co. d/b/a frostelectric.com, and Capital Lighting & Supply, LLC d/b/a CapitalTriState (collectively, the "Customer Defendants") (together, the "Parties") agree to the following amended schedule in the above-captioned arbitration:

| Event | Date |
|---|---|
| PIC's Deadline to File Amended Counterclaims and to Add Customer Defendants as Parties to the Arbitration[1] | October 21, 2016 |
| OSI's and PIC's Production of Documents Responsive to Outstanding Written Discovery Requests Due[2] | October 31, 2016 |

---

[1] PIC's pending claims against the Customer Defendants in the federal district court actions, which will be consolidated into this arbitration and filed with PIC's counterclaims by October 21, 2016, shall be deemed to have been filed in this arbitration, and relate back to, the date(s) that PIC filed its original Complaints against the Customer Defendants in the federal district court actions, which filing dates are August 13, August 14, or November 11, 2015.

[2] Documents responsive to outstanding written discovery requests previously propounded on Customer Defendants in the district court cases will be produced on a rolling basis, with substantial completion anticipated by November 21, 2016.

| | |
|---|---|
| OSI's and Customer Defendants' Deadline to File Response to Amended Counterclaims and Third-Party Claims | November 8, 2016 |
| Deadline to Serve New Interrogatories and Document Requests | November 14, 2016 |
| Production of Documents Responsive to New Written Discovery Requests and Responses to New Written Discovery Requests | December 22, 2016 |
| Deadline to Take Fact Witness Depositions | February 17, 2017 |
| Deadline to Identify All Experts, and Disclose the Information Contemplated by Fed. R. Civ. P. 26(a)(2) | February 27, 2017 |
| Deadline to Provide Rebuttal Report(s) and/or to Identify Any Rebuttal Experts, and Disclose the Information Contemplated by Fed. R. Civ. P. 26(a)(2)[3] | March 15, 2017 |
| Deadline to Take Expert Witness Depositions | March 29, 2017 |
| File Pre-Hearing Briefs, Witness Lists, and Exhibit Lists | April 14, 2017 |
| 5-10 Day Arbitration Hearing | April 24-May 5, 2017 |
| Parties to Serve Opening Post-Hearing Briefs | May 25, 2017 |
| Parties to Serve Responsive Post-Hearing Briefs | June 12, 2017 |

In addition to the schedule set forth above, the Parties agree to the following conditions:

1.    **Amended Counterclaims**.  PIC agrees that its amended counterclaims will be substantively the same as the amended counterclaims that are the subject of PIC's September 16, 2016 motion to amend its counterclaims, as well as the existing claims that it asserted in the consolidated United States District Court actions identified by lead case *Photographic Illustrators Corporation v. Stuart C. Irby Co.*, No. 1:15-cv-13154-WGY (filed Aug. 13, 2015) (the "Customer Cases").

---

[3] The Parties reserve the right to seek an extension of deadlines should any party require additional time to take the deposition of an opposing party's expert(s) based on scheduling difficulties with the expert witness.

2.      **Written Discovery**.  The Parties agree that any written discovery requests and responses, or documents produced, in the Customer Cases shall be allowable in this arbitration as if propounded or produced as part of this arbitration. This section is not a waiver of any valid objection to any request by any party, and is not an admission that any documents or information produced in the Customer Cases are admissible in this arbitration for any purpose.

3.      **Additional Limitations on Discovery**.  The Parties agree that the following additional limitations on discovery shall apply to any new written discovery served in this arbitration proceeding:

a)      **Interrogatories**.  A maximum of 10 interrogatories are permitted to be served on each party, including distinct subparts. As instructed by Arbitrator Bonn, each interrogatory shall be in the form of a contention interrogatory, and no other interrogatories shall be permitted.

b)      **Requests for the Production of Documents and Things**.  A maximum of fifteen (15) document requests are permitted to be served on each party. The Parties agree that the only new document requests that may be served are document requests addressed to new allegations set forth in PIC's amended counterclaims and/or new allegations set forth in its third-party claims against the Customer Defendants. The Parties furthermore agree to produce all documents on which they intend to rely in support of any claim or defense in this arbitration, whether produced in the Customer Cases or directly in this arbitration, without a formal discovery request from the opposing party to this effect.

c)      **Depositions**.  Each party shall be permitted to depose each of the other part(ies) pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Each party shall propound no more than 20 topics for examination of the other part(ies). Each party may

designate no more than three (3) individuals to testify on the party's behalf, and no individual designee shall be deposed for more than seven (7) hours total. In addition to the Rule 30(b)(6) depositions contemplated in this paragraph, each side shall be permitted to take an additional four (4) fact depositions. No other depositions will be permitted in this arbitration proceeding, other than the depositions of expert witnesses.[4]

4.      **<u>Additional Limitations on Expert Discovery</u>**. The Parties agree to the following protections with respect to expert discovery, in addition to the protections from disclosure afforded by the Federal Rules of Civil Procedure:

a)      Oral and written communications between an expert witness for any party, and the party or its attorneys or representatives employing such expert, which are made in connection with the expert witness's engagement for this proceeding, are not discoverable, except to the extent that the expert expressly relies upon them for his or her opinions;

b)      Drafts of reports, declarations, or affidavits of an expert witness for any party prepared in connection with the expert witness's engagement for this proceeding are not discoverable;

c)      All notes, memoranda, and other writings of an expert witness outside of the expert witness's report prepared in connection with the expert witness's engagement for this proceeding are not discoverable, except to the extent that the expert consults them or refreshes his or her memory with them while testifying at a deposition or at the arbitration hearing;

---

[4] If any party seeks to depose any witness for more than seven (7) hours or seeks to take additional fact depositions beyond those explicitly permitted by this scheduling order, that party first must demonstrate good cause.

        d)      No party will argue or suggest at the hearing that any expert should have produced discovery, e.g., that the expert should have produced draft reports, falling under this section; and

        e)      No party will be obligated to log any expert's information withheld under this section.

5.      **Pre-Hearing Briefs**. Each side shall be permitted to submit a Pre-Hearing Brief, which shall be limited to twenty-five (25) pages, double-spaced, using a 12-point proportionally spaced font (e.g., Times New Roman) and 1 inch margins.

6.      **Post-Hearing Briefs**.  Opening Post-Hearing Briefs shall be limited to twenty-five (25) pages, double-spaced, and with the same font and margin requirements as set forth in Paragraph 5. Responsive Post-Hearing Briefs shall limited to fifteen (15) pages, and may only address issues and/or facts raised in the opposing party's Opening Post-Hearing Brief.

7.      **Form of the Arbitration Award**.  The Parties agree that the arbitration award shall be in the form of a reasoned memorandum and opinion. In particular, the award shall explicitly and clearly set forth the arbitrator's findings with respect to any disputed question(s) of contract interpretation and shall separately set forth the reasoning and calculation for a monetary award, if any.

Stipulated and submitted on behalf of all parties on October 17, 2016 by:

| | |
|---|---|
| */s/ Gary Cruciani* | */s/ Joseph Petersen* |
| **MCKOOL SMITH, P.C.** | **KILPATRICK TOWNSEND & STOCKTON LLP** |
| | |
| Gary Cruciani | Joseph Petersen |
| 300 Crescent Court, Suite 1500 | 1114 Avenue of the Americas |
| Dallas, Texas 75201 | New York, New York 10036 |
| | Telephone: (212) 775-8700 |
| *Attorney for* | jpetersen@kilpatricktownsend.com |
| *Photographic Illustrators Corporation* | |

David Caplan
21 Eliot Street
Natick, Massachusetts 01760
Telephone: (508) 651-4900
dcaplan@kilpatricktownsend.com

Sabina A. Vayner
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
svayner@kilpatricktownsend.com

*Attorneys for OSRAM SYLVANIA Inc.*, *Stuart C. Irby Company*, *Facility Solutions Group, Inc.*, *Trade Service Company, LLC*, *McNaughton-McKay Electric Company*, *Brook Electrical Supply Company*, *Frost Electric Supply Company*, *and Capital Lighting & Supply, LLC*

6

### AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| OSRAM SYLVANIA INC., )<br><br>Claimant/Counter-Respondent, )<br> )<br>v. )<br> )<br>PHOTOGRAPHIC ILLUSTRATORS )<br>CORPORATION, )<br> )<br>Respondent/Counter-Claimant. ) | Case No. 01-16-0000-2652 |

### CERTIFICATE OF SERVICE

This is to certify that, on October 17, 2016, a true and correct copy of the **Amended Joint Schedule** was served by email transmission to Lisa Romeo, the Director of ADR Services, with electronic courtesy copies addressed to:

Gary Cruciani, Esq.          (*gcruciani@McKoolSmith.com*)
Robert E. Allen, Esq.        (*RAllen@McKoolSmithHennigan.com*)
Christine M. Woodin, Esq.    (*cwoodin@McKoolSmith.com*)


 */s/ Sabina A. Vayner*
Sabina A. Vayner

*Counsel for OSRAM SYLVANIA Inc.,
Stuart C. Irby Company, Facility Solutions
Group, Inc., Trade Service Company, LLC,
McNaughton-McKay Electric Company,
Brook Electrical Supply Company, Frost
Electric Supply Company, and Capital
Lighting & Supply, LLC*

7