# Exhibit B

McKool 1357136v1

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Case No. 01-16-000-2652

OSRAM SYLVANIA INC., Claimant/Counter-Respondent,

v.

PHOTOGRAPHIC ILLUSTRATORS CORPORATION, Respondent/Counter-Claimant and Third-Party Claimant,

### DISPOSITION FOR APPLICATION OF MODIFICATION OF AWARD

I, the undersigned arbitrator, having been designated in accordance with the arbitration agreement between the above-named parties, signed June 22, 2006, with an effective date of June 1, 2006 as amended on September 30, 2008, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Partial Final Award dated November 20, 2018, and Claimant Osram Sylvania Inc. ("Sylvania") having filed an application, by letter dated December 1, 2018, pursuant to R-50 of the American Arbitration Association Rules and Mediation Procedures to correct a computational error in the Award, and Respondent Photographic Illustrators Corporation ("PIC") having responded by letter dated December 8, 2018, I do hereby, DECIDE, as follows:

Under Rule-50, a party may "request the arbitrator...to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided."

Sylvania's application, although labeled one seeking to correct a computational error, actually argues the merits of the contract damages award and requests me to adopt its theory and calculation of damages, rather than that in the Award. Sylvania points to no "computational" error in the Award, and I find no "computational" error in the Award. Therefore, I am "not empowered" to modify the Award.

Accordingly, Sylvania's application pursuant to Rule-50 is denied. In all other respects the Partial Final Award dated November 20, 2018, is reaffirmed and remains in full force and effect.

_____

Bernard J. Bonn III, Arbitrator

DATE: December 22, 2018